UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

v.                                    Case No. 11-cr-20752

D-13, Benjamin Carter,                Sean F. Cox
                                              United States District Court Judge

       Defendant.
_____/

**OPINION AND ORDER
DENYING DEFENDANT BENJAMIN CARTER'S FIRST MOTION TO CONTINUE
TRIAL [DOCKET ENTRY NO. 366]**

Before the Court is the "Stipulation to Substitution of Counsel," which the Court construes as a motion for substitution of counsel, and "Defendant's First Motion to Continue Trial." (Docket Entry No. 365; Docket Entry No. 366.) Both motions were filed by Defendant Benjamin Carter ("Carter"). The motion for substitution of counsel requests that Attorney Richard E. Rosenberg "substitute in the place and stead of LISA L. DWYER as attorney for Defendant, Benjamin Carter, effective forthwith." (Docket Entry No. 365.) "Defendant's First Motion to Continue Trial" requests an additional 60 to 90 day adjournment of the trial date. (Docket Entry No. 366, at 1–2.) For the reasons that follow, the Court shall **DENY** Docket No. 366. The Court shall **GRANT** Docket 365 to the extent that Mr. Rosenberg shall appear as co-counsel with Ms. Dwyer to represent Carter during plea negotiations and, if necessary, the trial in this matter.

1

**BACKGROUND**

On January 10, 2012, the original indictment in this action was filed, charging Carter with (1) Conspiracy to Possess with Intent to Distribute Marijuana, Cocaine, and Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) & 846 and (2) Criminal Forfeiture in violation of 21 U.S.C. § 853. (Docket Entry No. 3.)

On January 11, 2012, Magistrate Judge Laurie J. Michelson entered an order, holding that Carter qualified for the appointment of counsel under the Criminal Justice Act. (Docket Entry No. 71.) On that same day, Magistrate Judge Michelson appointed Attorney Lisa L. Dwyer to represent Carter in this matter. (Docket Entry No. 88.)

Even though this is a presumption case under 18 U.S.C. § 3142,[1] Carter was released on bond subject to several conditions in the "Order Setting Conditions of Release" filed by Magistrate Judge Michelson. (Docket Entry No. 72; Docket Entry No. 73.)

On February 3, 2012, District Court Judge Stephen J. Murphy, III, filed his "Order for Discovery and Inspection, Giving Notice of Certain Pretrial and Trial Practices, and Establishing Schedule," setting a final pretrial conference and negotiated plea cutoff date of March 5, 2012, and

---

[1]The Bail Reform Act of 1984 authorizes the Court to order pretrial detention, "if the judicial officer find that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Furthermore, a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more [as] . . . prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(A), (f)(1).

Here, the crime of Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana, Cocaine, and Cocaine Base carries with it a penalty of 10 years to life in prison. (Docket Entry No. 74.) Neither party disputes that this is a presumption case under 18 U.S.C. § 3142.

a trial date of March 22, 2012. (Docket Entry No. 110, at 2.)

On March 6, 2012, the parties stipulated to adjourn the trial date in this matter to January 8, 2013. (Docket Entry No. 119, at 2–3.) Judge Murphy, thereafter, filed his "Order for Adjournment and Finding of Excludable Delay." (*Id*. at 5–6.) In his order, Judge Murphy held as follows:

> Upon this Court's consideration of the parties' stipulation for an adjournment of the trial date and the Court being apprised of the circumstances on the record, IT IS ORDERED that:
>     the motion cut-off date is adjourned until October 1, 2012;
>     the plea cut-off date is adjourned until November 16, 2012;
>     the final pretrial conference date is adjourned until December 12, 2012 at 2:00 PM; and
>     the trial date is adjourned from March 22, 2012 until January 8, 2013 at 9:00 AM.
> IT IS FURTHER ORDERED that the time period between March 22, 2012 until January 8, 2013 shall be deemed excludable delay under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161, in consideration of the factors listed in § 3161(h)(1) and (7)(B), based on the information set forth in the parties' stipulation, which is incorporated herein by reference, and the reasons set forth on the record on March 1, 2012, and this Court finds that the ends of justice served by this delay outweigh the best interests of the defendant and the public in a speedy trial.

(*Id*.)

On March 7, 2012, Judge Murphy entered his "Order Re: Disqualification of Judge," ordering that this case be reassigned by blind draw pursuant to 28 U.S.C. § 455 and Eastern District of Michigan Local Rule 57.10(c). (Docket Entry No. 122.) The case was assigned to District Court Judge Bernard A. Friedman. On March 8, 2012, Judge Friedman entered his "Order Re: Disqualification of Judge," ordering that this case be reassigned by blind draw pursuant to 28 U.S.C. § 455 and Eastern District of Michigan Local Rule 57.10(c). (Docket Entry No. 123.) Thereafter, this action was assigned to this Judge. (*Id.*)

On September 28, 2012, the parties entered "Stipulation and Order Extending Motion Cut-Off Date," stating in relevant part:

> [T]he parties seek to extend the motion cut-off date to November 5, 2012.
> The parties stipulate that this delay should be excluded from calculation under the Speedy Trial Act, 18 U.S.C. §3161. First, the parties ask this Court to find that the ends of justice served by this delay outweigh the best interest of the defendant and the public in a speedy trial in consideration of the factors listed in §3161(h)(7)(B), including giving the defense counsel sufficient time to review the voluminous discovery (discussed above), to confer with the defendants, to consider and (if appropriate) prepare and file pre-trial motions, and to prepare for trial, e.g., by interviewing witnesses. Second, as noted above, the delay is sought to allow for the parties to engage in plea negotiations. *See* United States v. Bowers, 834 F.2d 607, 609-10 (6th Cir. 1987) (plea negotiations may be excluded as "other proceedings" pursuant to §3161(h)(1)).
> For these reasons, the parties ask this Court to find that the ends of justice served by this delay outweigh the best interests of the defendants and the public in a speedy trial.
> So stipulated:

(Docket Entry No. 145, at 2.) On that same day, the Court entered its "Order Extending Motion Cut-Off Until October 9, 2012 and Finding of Excludable Delay," holding as follows:

> Upon this Court's consideration of the parties' stipulation to extend the motion cut-off date in this matter, IT IS SO ORDERED that:
> the motion cut-off date is adjourned until **October 9, 2012**.
> IT IS FURTHER ORDERED that the time period between October 1, 2012 until October 9, 2012 shall be deemed excludable delay under the provisions of the Speedy Trial Act, 18 U.S.C. §3161, in consideration of the factors listed in §3161(h)(1) and (7)(B), based on the information set forth in the parties' stipulation, which is incorporated herein by reference, and this Court finds that the ends of justice served by this delay outweigh the best interests of the defendant and the public in a speedy trial.

(*Id.* at 5.)

The Court held status conferences on October 5, 2012, and November 5, 2012. (Docket Entry No. 147; Docket Entry No. 151.) The Court thereafter filed an "Order Following the November 5, 2012, Status Conference," holding as follows:

> A Status Conference with the parties was held on November 5, 2012. **IT IS ORDERED** that:
> 1) The last day for the Defendants to file any motions to suppress relating to the global positioning system/GPS tracking issue is **December 12, 2012**;
> 2) The Government and the Defendants have until **November 19, 2012**,

4

>       to file all other motions;
> 3)    Pleas are due by **November 16, 2012**; **and**
> 4)    The Defendants are to contact this Court to set up a date and a time if any Defendant wishes to plead guilty.
>
> **IT IS SO ORDERED.**

(Docket Entry No. 152, at 1.)

On November 14, 2012, the "Second Superceding Indictment" was filed, charging Carter with (1) Conspiracy to Possess with Intent to Distribute Marijuana, Cocaine, and Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) & 846; (2) Felon in Possession of a Ammunition in violation of 18 U.S.C. § 922(g)(1); (3) Distribution of Crack Cocaine and Aiding and Abetting Distribution of Crack Cocain in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, respectively;  and (4) Criminal Forfeiture in violation of 21 U.S.C. § 853.  (Docket Entry No. 160; Docket Entry No. 211.)

On January 4, 2013, the parties, once again, stipulated for an adjournment of the trial date. (Docket Entry No. 259.)  The Court, thereafter, entered its "Order for Adjournment and Finding of Excludable Delay," holding as follows:

> Upon this Court's consideration of the parties'  stipulation for an adjournment of the trial date and the Court being apprised of the circumstances on the record, IT IS ORDERED that the trial date is adjourned from January 8, 2013 at 9:00 AM until April 9, 2013 at 9:00 AM.
> IT IS FURTHER ORDERED that the time period between January 8, 2013 and April 9, 2013 shall be deemed excludable delay under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161, in consideration of the factors listed in § 3161(h)(1) and (7)(B), based on the information set forth in the parties' stipulation, which is incorporated herein by reference, and the reasons set forth on the record on December 12, 2012, on December 19, 2012, and on December 21, 2012, and this Court finds that the ends of justice served by this delay outweigh the best interests of the defendant and the public in a speedy trial.

(*Id.* at 5.)

On March 4, 2013, the Court entered its "Order Resetting Plea Cutoff," resetting the plea cutoff in this matter for Monday, March 18, 2013. (Docket Entry No. 321.)

A pretrial conference as to Defendants Derrick Terry, Darren Terry, Tamiko Hodo, Ervin Vincent, Darnell Easterling, and Benjamin Carter was held on March 25, 2013. The Court entered its Order Regarding Trial on that same day, stating in relevant part

> **IT IS HEREBY ORDERED** that;
> 1. Trial will begin on **Tuesday, April 9, 2013**. Motions in Limine, as well as admissibility of Exhibits will be argued on **April 9, 2013**. Jury selection will be at **8:30 a.m., on April 9, 2013**.

(Docket Entry No. 360, at 1.)

On April 1, 2013, Attorney Richard E. Rosenberg filed an Appearance with the Clerk of the Court on behalf of Carter. (Docket Entry No. 364.) Carter also filed "Stipulation to Substitution of Counsel," which is signed by Mr. Rosenberg and Ms. Dwyer. (Docket Entry No. 365, at 1.) It states as follows:

> IT IS HEREBY AGREED AND STIPULATED to by the undersigned that RICHARD E. ROSENBEERG [sic] shall substitute in the place and stead of LISA L. DWYER as attorney for Defendant, Benjamin Carter, effective forthwith.

(*Id.*) Thereafter, Carter filed "Defendant's First Motion to Continue Trial." (Docket Entry No. 366.) In his motion, Carter requests that the Court "continue the trial for 60 to 90 days" for the following reasons:

> 1. Defendant was appointed an attorney in this case.
> 2. The trial is scheduled for April 9, 2013.
> 3. Defendant has retained private counsel of his choice this Sunday, March 31, 2013.
> 4. As of the date of this motion, the Government has requested and was granted two continuances of the trial date.
> 5. The Defendant's Right to Effective Assistance of Counsel under the Sixth Amendment to the US Constitution requires a continuance of the trial in this case now.

6

      6.      And, Defendant agrees that this continuance will be excludable time under the Speedy Trial Act and the ends of justice will be served by the granting of such continuance and outweighs the best interests of the public and the defendant in a speedy trial as set forth in 18 U.S.C. 3161(h)(7)(A).

(*Id.* at 1–2.)

On April 2, 2013, the Court held a hearing to address Docket Entries 365 and 366. Ms. Dwyer and Mr. Rosenberg made their appearances on the record. Mr. Steven P. Cares also appeared on behalf of the Government.

## ANALYSIS

During the hearing in this matter, Mr. Rosenberg acknowledged that he may have made some factually inaccurate statements in the motion to continue, concerning his assertion that:

> Upon information and belief, defendants or some of them made two motions for an adjournment, both of which were denied.
> Upon information and belief, the Government made at least two motions for an adjournment, both of which were granted.

(*Id.* at 4.) As discussed in the previous section, the parties stipulated to those adjournments. (Docket Entry No. 119, Docket Entry No. 259.)

In his motion and during the hearing, Carter asserts that he has a right to retain counsel of his choosing. Here, Carter requested an attorney be appointed for him under the Criminal Justice Act on January 11, 2012. Almost a one year and three months after Ms. Dwyer was appointed to represent Carter, and eight days before trial, Carter now seeks to retain his own counsel. The Court also notes that Carter filed this motion after the Court denied his motions, concurrences, and/or joinders in this action. The trial date has already been adjourned twice. This matter has been assigned to three different District Court Judges. The motion cutoff date has been extended several times. Likewise, the Court has extended the plea cutoff date several times. Carter does not point

to any convincing case law asserting that he has a constitutional right to have a new attorney appear less than a week before trial and have the case adjourned.

Ms. Dwyer has diligently represented Carter in this matter. She has filed numerous motions advancing her client's interests. Ms. Dwyer has proven herself an effective criminal defense attorney. She has a good reputation with other judges in this district. However, the Court will grant Carter's request to the extent that Mr. Rosenberg shall appear on behalf of Carter as co-counsel and represent him during the plea negotiations and, possible, the trial in this action.

The Court does not believe that letting Mr. Rosenberg substitute as counsel in place of Ms. Dwyer, in this matter will be in Carter's best interest given Mr. Rosenberg's unfamiliarity with the facts of this case and the fast approaching April 9, 2013, trial date. The Court believes that given Ms. Dwyer's familiarity with the facts of this case, as well as her experience in criminal trials, it would in Carter's best interests that she remain as co-counsel.

**IT IS ORDERED** that "Defendant's First Motion to Continue Trial" [Docket Entry No. 366] is **DENIED**;

**IT IS FURTHER ORDERED** that the Court **DENIES** Carter's request to have Mr. Rosenberg "substitute in the place and stead" of Ms. Dwyer in Docket Entry 365;

However, **IT IS FURTHER ORDERED** that the Court **GRANTS** Carter's request in Docket Entry 365 to the extent that Mr. Rosenberg will appear on behalf of Carter as co-counsel with Ms. Dwyer in this matter;

**IT IS FURTHER ORDERED** that Carter's plea cutoff date shall be extended to **2:00 p.m.**

**on April 3, 2013**.[2]

       **IT IS SO ORDERED**.

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: April 3, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 3, 2013, by electronic and/or ordinary mail.

       S/Jennifer McCoy  
       Case Manager

---

[2] At this time, the plea cutoff date has expired. But, the Government and Carter stipulated, on the record at the April 2, 2013, motion hearing to a plea cutoff date of **2:00 p.m. on April 3, 2013**. The Court granted that request.